

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00089-CV

IN RE: THE COMMITMENT OF JAMES BLAKELY JONES

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. DCV5782, Honorable Kimberly Allen, Presiding

August 27, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant James Blakely Jones appeals from a final judgment and order of civil commitment, asserting the evidence was legally insufficient to support such an order. We affirm.

**BACKGROUND**

In 1981, at the age of sixteen, Jones was convicted of attempted second-degree rape in Oklahoma. The victim of the offense was Jones's six-year-old neighbor. In 1984, Jones was convicted of second-degree rape in Oklahoma. At the time of the offense, Jones was eighteen and his victim was twelve. Both Oklahoma offenses were felony offenses. In 2018, Jones pleaded guilty and was convicted of sexual assault of a child in

Sherman County, Texas. Jones, who was fifty at the time of the offense, admitted to numerous sexual acts with his sixteen-year-old victim. Jones was sentenced to eight years' incarceration.

In June of 2023, the State of Texas filed a petition alleging Jones is subject to civil commitment as a sexually violent predator.[1] Jones denied the allegation and the matter was tried before a jury. The jury returned a unanimous verdict declaring Jones to be a sexually violent predator as defined by section 841.003 of the Health and Safety Code. Based on that finding, the trial court entered an order of civil commitment, from which Jones appeals.

## ANALYSIS

In a single appellate issue, Jones argues that the evidence was legally insufficient to support a finding that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Under the civil commitment statute, a sexually violent predator is "a repeat sexually violent offender [who] suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *In re Bohannon*, 388 S.W.3d 296, 298 (Tex. 2012) (quoting TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person."

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.041(a) (providing for petition seeking civil commitment of sexually violent predators).

TEX. HEALTH & SAFETY CODE ANN. § 841.002(2). The State must prove beyond a reasonable doubt that the person it seeks to civilly commit is a sexually violent predator. *Id.* § 841.062(a). Whether a person suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence is a single, unified issue. *Bohannon*, 388 S.W.3d at 303.

When reviewing the legal sufficiency of the evidence in cases brought for the civil commitment of a sexually violent predator, we review the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could form a firm belief or conviction that the finding was true. *In re Commitment of Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020). We "must 'assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so' and 'disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.'" *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). We may not disregard undisputed facts that do not support the finding. *Id.*

Jones does not dispute that he meets the statutory definition of a repeat sexually violent offender. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(b) (repeat sexually violent offender includes someone who has been convicted of more than one sexually violent offense and had sentence imposed for at least one of said offenses). He challenges only the sufficiency of the evidence establishing that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Jones argues that the only proof that he currently has such a behavioral abnormality is the evidence of his previous convictions, implying that those convictions indicate a past behavioral abnormality rather than a present one.

3

At trial, the State presented one expert, Dr. Jason Dunham, a forensic psychologist who performed a clinical assessment of Jones. Dunham testified that he has been practicing forensic psychology for 23 years and has conducted 338 behavioral abnormality evaluations. Dunham testified that, based on his education, training, and experience, Jones suffers from a behavioral abnormality. To form his opinion, Dunham reviewed numerous records, including prison records, records from Jones's convictions, sex-offender treatment records, medical records, education records, police reports, victim statements, witness statements, and depositions. He also interviewed Jones, conducted testing, and completed a case formulation analysis, which he testified is the methodology followed by other experts in his field.

Dunham testified that he looks at both old records and current information to understand "the entire path and kind of see the trajectory" an individual is on. He explained that he considered Jones's whole lifespan when looking for patterns and data points. Dunham stated that when forming an opinion about whether someone has a behavioral abnormality, he considers factors such as sexual deviancy, antisocial behavior, conduct disorders, relationship history, job history, criminal history, sexual history, and future plans. Dunham testified that Jones scored within the high range of psychopathy, but at the bottom of that high range. He said Jones has "significant psychopathic characteristics" and that Jones is in the above-average risk category for being arrested or convicted again of a sex offense when compared to other sex offenders.

In Dunham's opinion, Jones lacks remorse, lacks empathy toward his victims, and does not fully understand his own sexual deviancy, which makes it hard for him to safeguard against reoffending in the future. For example, Jones testified that he did not

4

remember anything about the offense against his six-year-old neighbor, but claimed that he "got high on acid and woke up the next day in a county jail with an attempted rape charge . . . ." Jones testified that his second victim, who was twelve, told him that she was seventeen and that she "looked like she was more on the lines of 20 to 25 . . . ." Dunham noted that Jones has difficulty admitting to being aroused by young females and stated that it would be hard for Jones to make progress in treatment until he could admit to what triggered him.

Dunham determined that Jones has both sexual deviance and antisocial personality disorder, which are important risk factors. He testified that "that combination is what makes up the behavioral abnormality." Dunham specifically addressed the issue of why, in his opinion, Jones's condition is still present. He explained that Jones's sexual deviancy, particularly his sexual arousal to young children, was not something that would change simply by being incarcerated for several years but was "chronic."

Texas courts have held that, with regard to chapter 841 of the Health and Safety Code, a behavioral abnormality is considered "an abnormality which causes serious difficulty in behavior control." *In re Commitment of Stuteville*, 463 S.W.3d 543, 552 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (quoting *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied)). A jury may infer that a defendant has serious difficulty controlling his current behavior based on his past behavior, his own testimony, and expert testimony. *In re Commitment of Washington*, No. 09-11-00658-CV, 2013 Tex. App. LEXIS 7211, at *16 (Tex. App.—Beaumont June 13, 2013, pet. denied) (mem. op.)). "[T]he behavioral abnormality from which a person presently suffers may have also previously afflicted him and contributed to his having

5

repeatedly sexually offended in the past . . . ."  *In re Commitment of Tryon*, 654 S.W.3d 29, 38 (Tex. App.—Eastland 2022, pet. denied).  The jury could have relied on evidence of Jones's past behavior to infer that at the time of trial he had difficulty controlling his current behavior.  *See In re Commitment of Renshaw*, 598 S.W.3d 303, 306–07 (Tex. App.—Texarkana 2020, pet. denied).  In addition to evidence of Jones's previous sexual offenses, the jury also heard testimony regarding his current risk factors, test scores, diagnoses of sexual deviancy and antisocial personality disorder, and his ongoing difficulty admitting his "trigger," i.e., his attraction to adolescent females.  *See In re Commitment of Lopez*, 462 S.W.3d 106, 116 (Tex. App.—Beaumont 2015, pet. denied) (jury could infer defendant's current dangerousness from expert testimony, defendant's past behavior, and defendant's testimony).

Viewing all of the evidence in the light most favorable to the jury's finding, we conclude that the evidence is legally sufficient to support the determination that Jones currently suffers from a behavioral abnormality that makes him likely to commit a predatory act of sexual violence.  Accordingly, we overrule this issue.

## CONCLUSION

Having overruled the sole issue raised by Jones on appeal, we affirm the order of the trial court.

Judy C. Parker
Justice
